IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SCOTT BARKSDALE | ) | CASE NO.  1:10CV1437 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| STATE OF OHIO | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Christopher Scott Barksdale filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and also alleged violations of 18 U.S. C. §§ 241 and 242. The named Defendant is the State of Ohio although the Complaint lists twelve Ohio Eighth District Court of Appeals and Cuyahoga County Common Pleas Court Judges.

Although *pro  se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Plaintiff alleges that the Defendants committed fraud when they adjudicated a foreclosure action against his deceased mother. He seeks a declaratory judgement determining that Defendants' acts violated the Constitution, punitive damages and an injunction enjoining the State of Ohio and its employees from making any further expenditures of public funds to take action against him.

This action constitutes Plaintiff's second case involving the same foreclosure action. *Barksdale v. Cuyahoga Couty, Ohio, et al*, 2007 WL 2320042 (N.D. Ohio, Aug. 10, 2007).  The following was taken from that case.

> Cuyahoga County Probate Court records indicate that Jacqueline Barksdale Williams died on February 22, 2004. An Estate was not opened, however, until two years later

in April 2006. Deutsche Bank filed a foreclosure action in the Cuyahoga County Court of Common Pleas against Ms. Barksdale Williams, Mr. Williams and the unknown Heirs, Devisees. Legatees, Executors, Administrators, Spouses and Assigns of Jacqueline Barksdale Williams on November 17, 2004. *See Deutsche Bank Trust Co. Americas v. Williams,* Case No. CV 04 547780 (Cuyahoga County Ct. Com. Pl. filed Nov. 17, 2004)(Compl.Ex.A-1). No answer to the complaint was filed. A Motion for Default Judgment was filed on April 29, 2005. The court scheduled the matter for hearing on January 26, 2006. Judgment was awarded to Deutsche Bank against Ms. Barksdale Williams and Mr. Williams on March 2, 2006. The foreclosure sale was set for June 5, 2006.

On April 21, 2006, Christopher Barksdale filed an Application for Authority to Administer the Estate of Jacqueline Williams in the Cuyahoga County Probate Court. *See Estate of Williams,* Case No.2006 EST 0112945. Prior to authority being granted to proceed with the administration. Christopher Barksdale filed a motion for relief from the foreclosure judgment against his mother on May 12, 2006. He argued that his mother had not conveyed her property rights by quitclaim deed to Mr. Williams and claimed that Mr. Williams obtained the conveyance in a fraudulent manner due to Ms. Barksdale Williams's ailing health. He also claimed that the trial court lacked jurisdiction to proceed with the foreclosure sale since he filed an application to administer his mother's probate estate. The trial court denied the motion and Mr. Barksdale appealed that decision to the Ohio Eighth District Court of Appeals.

The Eighth District Court of Appeals upheld the judgment of the foreclosure action on April 19, 2007. Specifically, the court found that Mr. Barksdale lacked standing to file the Motion for Relief from Judgment and the appeal on behalf of his mother. A motion to confirm the sale of the property was filed by Deutsche Bank on May 30, 2007. The motion is still pending in the state court.

Approximately one month after the Eighth District Court of Appeals dismissed Mr. Barksdale's appeal, he filed the within action in this court challenging the foreclosure action. He claims that the decision of the Cuyahoga County Court of Common Pleas and the Eighth District Court of Appeals "promulgated a decision, Exhibit A in contravention of United States Constitutions Article One Section One ." (Compl. at 7.) He claims that "the defendants employees exercising powers reserved to the state unconstitutionally implemented separate unequal policies by implementing and executing its policy statement, ordinance, regulation or decisions officially adopted and promulgated by judges." (Compl. at 7.)

*Id*. at * 1-2. The action was dismissed on the basis of the Rooker Feldman Doctrine, *res judicata*, the Younger Doctrine and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff learned from his first action that he could not enjoin sale of the property. Therefore, he now claims fraud and is suing the State of Ohio, its unnamed employees and twelve Judges.

The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from

suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99 (1984). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009 WL 3126285 at * 3.  Therefore, it is not a proper party.

Twelve State Judges are named as Defendants in the Complaint. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting that any of the Judges acted outside the scope of their official duties.

Plaintiff's claims under 18 U.S.C. §§ 241 and 242 also must fail. These criminal statutes do not provide a private cause of action. *Banks-Bey v. Acxiom*,  2010 WL 395221 * 3 (N.D. Ohio, Jan 27, 2010).

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted.  (ECF 2).  This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

Date:  7/20/10                                             */s/Dan Aaron Polster*
                                                        JUDGE DAN AARON POLSTER
                                                        UNITED STATES DISTRICT JUDGE