IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SCOTT BARKSDALE ) | CASE NO. 1:10CV1437 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER. |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| STATE OF OHIO ) | AND ORDER |
| ) | |
| Defendant. ) | |

On July 20, 2010, this Court dismissed Plaintiff's action against the State of Ohio. An appeal of the Court's decision, filed on August 11, 2010, is pending. The action was filed under 42 U.S.C. § 1983 and also alleged violations of 18 U.S.C. §§ 241 and 242. The only named Defendant was the State of Ohio although the Complaint listed twelve Ohio Eighth District Court of Appeals and Cuyahoga County Common Pleas Court Judges. Plaintiff had alleged that the Defendants committed fraud when they adjudicated a foreclosure action against his deceased mother. He sought a declaratory judgement determining that Defendants' acts violated the Constitution, punitive damages and an injunction enjoining the State of Ohio and its employees from making any further expenditures of public funds to take action against him. The dismissal was based on the Eleventh Amendment's preclusion of lawsuits against a state by its citizens, judicial immunity, and the fact that § 241 and 242 are criminal statutes that do not provide a private cause of action. This matter is now before the Court upon Plaintiff's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) (3), (4) and (5). (Doc. 13).

Rule 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable...

Plaintiff argues that the Court erred when it looked solely to judicial immunity and committed acts that were not judicial in nature, denied his Motion to Proceed *In Forma Pauperis*, the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., abrogates Eleventh Amendment immunity, the state foreclosure decision is void and 28 U.S.C. § 1915(e) cannot be used to dismiss a claim where the State has voluntarily waived service of summons.

Plaintiff is actually challenging a state foreclosure action. The Court previously found that this action constituted Plaintiff's second case involving the same foreclosure action, *Barksdale v. Cuyahoga Couty, Ohio, et al*, 2007 WL 2320042 (N.D. Ohio, Aug. 10, 2007), that was dismissed on the basis of the Rooker Feldman Doctrine, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), *res judicata* and the Younger Doctrine, *Younger v. Harris*, 401 U.S. 37, 44-45 (1971), applied, and the Complaint failed to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff learned from his first action that he could not enjoin sale of the property and filed this civil rights action.

Plaintiff's arguments have no merit. It is well established that judges are immune from liability for actions taken within the scope of their official duties, *Pierson v. Ray*, 386 U.S. 547 (1967), even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). Despite Plaintiff's contention, there are no facts alleged reasonably suggesting

that any of the Judges acted outside the scope of their official duties.

      Plaintiff's Motion to Proceed *In Forma Pauperis* in this case was granted. The Sixth Circuit Court of Appeals denied this Motion as to his appeal. This Court has no control over that ruling.

      Plaintiff contends that the ADA abrogates Eleventh Amendment immunity. Even if this were a correct statement, the ADA is not involved in this case. He states that he is disabled, but that fact has no bearing on a foreclosure action or whether the bank committed fraud.

      Next, Plaintiff asserts that the foreclosure ruling should be void. As explained in his first case, this Court cannot void a judgment of foreclosure. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker*, 263 U.S. at 415-16. Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994); *Turner v. Lerner, Sampson & Rothfuss*, 2011 WL 1357451 * 5 (N.D.Ohio, Apr. 11, 2011).This Court is not a court of appeals on state matters.

      Finally, Plaintiff contends that § 1915(e) cannot be used to dismiss a claim where the State has voluntarily waived service of summons. Section 1915(e)(2)(B) requires the court to review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. This Court reviewed Plaintiff's

Complaint and made the determination that § 1915(e) applied. Further, the dismissal appropriately occurs before service so his contention that it does not apply when the State waives service has no support. No cases were cited in support nor have any been found.

Accordingly, the Motion for Relief from Judgment is denied.

IT IS SO ORDERED.


*Date: 5/31/11*                                                                 */s/Dan Aaron Polster*
                                                                                DAN AARON POLSTER
                                                                                UNITED STATES DISTRICT JUDGE